UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JONATHAN KIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-02657 |
| | § | |
| ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court is Defendant Eric Shinseki's motion to dismiss for lack of subject matter jurisdiction. Dkt. 12. Having considered the motion,[1] the applicable law, and for the reasons that follow, defendant's motion to dismiss is GRANTED.

### I. BACKGROUND

Plaintiff Jonathan Kin brings this suit against the Secretary of Veterans Affairs, Eric Shinseki, alleging Title VII claims of discrimination on the basis of race, sex, and retaliation when the Veterans Affairs (VA) National Cemetery terminated his employment. Dkt. 1. In accordance with the Title VII regulatory framework, Kin filed his initial complaint with the VA's EEO office. Dkts. 1, 12, Ex. 1. The EEO office issued their final agency decision on July 21, 2008, denying Kin relief. Dkt. 12, Ex. 2. However, the decision gave Kin notice of his available options, including the right to file a civil suit in a federal district court within thirty days of receipt of notice of the decision. Dkt. 12, Ex. 2. Kin received notice of the Agency's decision on July 26, 2008 by certified mail.

---

[1] The plaintiff did not file a response to the motion.

Dkt. 12, Ex. 4. Kin, through counsel, then filed his complaint in the current suit through the court's electronic filing system on August 29, 2008, thirty-four days after receiving notice. Dkt. 1.

Shinseki now moves to dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the basis that the suit was filed outside the time limit established by federal regulations. Dkt. 12.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id.* (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645

2

F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.* Because Shinseki's motion contains undisputed factual evidence, the court treats the motion as a factual attack. As a factual attack, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of power to hear the case." *Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)). Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879.

### III. ANALYSIS

In order to file a Title VII claim in federal court, the plaintiff must exhaust all administrative remedies prior to filing and file the complaint within the allotted time provided by Title VII. *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). "Failure to comply with either of these requirements wholly deprives the district court of jurisdiction over the case; it is the well-settled law of this circuit that each requirement is a prerequisite to federal subject matter jurisdiction." *Id.*

Since the plaintiff's Title VII claim is a "mixed case," the statutory framework differs from non-mixed Title VII claims, including the time allotted to file a complaint in a district court. *Compare* 42 U.S.C. § 2000e-16(c) (permitting complainant to file a civil action within ninety days of receipt of notice of a final agency decision) *with* 29 C.F.R. § 1614.302 (providing a thirty day limit after receipt of notice of a mixed case decision for complainant to appeal to the MSPB or file suit in the district court). A mixed case complaint is defined as "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection

Board (MSPB)." 29 C.F.R. § 1614.302(a). The MSPB has "jurisdiction over specified 'adverse employment actions' affecting federal civil servants, including terminations, demotions, and suspensions." *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004). "Pursuant to 29 C.F.R. § 1614.302(b), an employee who alleges that discrimination was a component of an adverse personnel action is afforded two options: he can file either a mixed case complaint with his agency's EEO office or a mixed case appeal directly to the MSPB, 'but not both.'" *Casimier v. U.S. Postal Service*, 142 F. App'x 201, 204 (5th Cir. 2005).

Here, because the plaintiff filed his complaint directly with VA's EEO office alleging discrimination in his termination, it is properly considered a mixed case complaint. *See Booty v. Potter*, No. H-05-079, 2007 WL 654622, at *2 (S.D. Tex. Feb. 7, 2007) (citing 29 C.F.R. § 1614.302(a)-(b); *Casimier*, 142 F. App'x at 204) (EEO complaint alleging discrimination in the plaintiff's removal was considered a mixed case complaint). As a mixed case complaint, the plaintiff has thirty days after receiving notice of the final agency decision to file a mixed case appeal with the MSPB or a civil discrimination action in federal court. *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (citing 29 C.F.R. § § 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a)).

Kin received notice of the VA's final agency decision on July 26, 2008. His initial complaint was filed in this court thirty-four days later on August 29, 2008. Since this exceeds the allotted time provided by the regulatory framework for mixed case complaints, this court lacks subject matter jurisdiction over this suit. *See King v. Dole*, 782 F.2d 274, 275-76 (D.C. Cir. 1986) (the thirty day period is a jurisdictional time limit and the court lacked subject matter jurisdiction to hear a suit filed thirty-one days after receiving notice of a final decision). Therefore, defendant's motion must be GRANTED.

## IV. CONCLUSION

The evidence provided presents an undisputed factual basis to support the motion to dismiss for lack of subject matter jurisdiction. Thus, after reviewing the motion and the applicable law, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

It is ORDERED.

Signed at Houston, Texas on July 21, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY